THE STATE EX REL. NELSON EXCAVATING, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Nelson Excavating, Inc. v. Indus. Comm.* (1992), 65 Ohio St.3d 191.]

(No. 91–2553—Submitted September 22, 1992—Decided December 9, 1992.)

*Cors & Bassett, Hal L. Franke* and *Joseph H. Vahlsing,* for appellant.

*Lee I. Fisher,* Attorney General, and *Scott A. Armour,* Assistant Attorney General, for appellee Industrial Commission.

*Buechner, Haffer, O'Connell, Meyers & Healey Co., L.P.A.,* and *Edward M. O'Connell, Jr.,* for appellee Julie A. Weisbrodt.

---

*Per Curiam.* Appellant concedes that local utilities were not informed of pending excavation as Ohio Adm.Code 4121:1–3–13(C)(1) requires. With this admission, only one question remains: Did the commission abuse its discretion in finding that appellant's noncompliance proximately caused decedent's death? In upholding the commission's decision, the court below reasoned that had the appropriate utility company been contacted, the utility would have taken measures to prevent service interruption measures that would have protected decedent as well. Appellant responds that the court engaged in improper speculation in assuming that the utility would have instituted protective measures had it been informed of the intended excavation. We disagree.

Appellant's argument ignores the interest the utility has in excavation around its underground cables. Obviously, any utility company is eager to avoid both costly damage to its equipment and service interruption. Since the utility best knows where its own lines are, it is doubtful that given the opportunity to implement preventive measures, a utility would remain idle and let an excavator proceed unassisted in the hopes that the excavator would fortuitously avoid a cable. Thus, contrary to appellant's representation, we find it reasonable to assume that the utility, if notified, would have taken precautions that would have prevented the decedent's death.

The appellate rationale, moreover, recognizes the practicalities that the specific safety requirement encompasses. During work around buried cables,

the employer's ability to directly protect its employees from potential harm is quite limited. For example, only the utility company can turn off the power running through its lines. This may explain why the specific safety requirement does not place these duties on the employer. It also explains why the only requirement imposed upon the employer is to notify the utility.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.